UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FELIX LYLE COWAN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-435 |
| | § | |
| ADRIAN GARCIA, | § | |
| | § | |
| Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner Felix Lyle Cowan has filed a federal habeas corpus petition under 28 U.S.C. §2254 challenging his continued detention at the Harris County Jail. (Docket No. 1.) Because Petitioner has not exhausted his state remedies before seeking federal habeas relief, the Court will dismiss the petition.

## CLAIMS

Petitioner's pleadings and public records reflect that on November 14, 2013, Petitioner was charged in the 351st Judicial District Court of Harris County, Texas, with the state jail felony offense of retaliation in cause number 1408434.[1]  (Docket No. 1.)  On February 6, 2014, Petitioner was found incompetent to stand trial and the trial court entered an Order of Initial Commitment for 120 Days Pursuant to Article 46B.0073 requiring Petitioner to remain at the Harris County Jail pending further competency review.[2]  Petitioner was also appointed counsel to represent him in his criminal proceedings.[3]  Petitioner states that he has filed a petition for writ of

---

[1] Harris County District Clerk website:
 http://www.hcdistrictclerk.com/eDocs/Public/Search.aspx?Tab=tabCriminal (viewed May 20, 2014).

[2] Id. (Image No. 59561115).

habeas corpus in the state courts which remains pending.  (Id.)  In his present petition, Petitioner raises claims of ineffective assistance of counsel, illegal confinement based on a lack of an arraignment and *Miranda* warnings, and a no bill and no formal indictment.[4]  (Id. at 6-7.)

## DISCUSSION

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief."  *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity.  *Coleman v. Thompson*, 501 U.S. 722 (1991).   Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court.  *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999).  The petitioner must give the highest state court a fair opportunity to rule on the claim, which requires the petitioner to present his claims in accordance with the court's procedural rules.  *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).  Exceptions exist only where there are no available state corrective processes or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C. § 2254 (b)(1)(B).

Petitioner's pleadings and public records show that Petitioner has not presented his claims to the state courts in a procedurally proper manner according to the rules of the state courts; therefore, the claims raised in the present petition are unexhausted.  Because state process

---

[3] Id. (Image No. 59653090).

[4]  On December 26, 2013, following his arrest but prior to his competency hearing, Petitioner filed a similar federal habeas corpus petition in this court challenging his current confinement.  *See Cowan v. Stephens*, Case No. 4:130cv-3753 (S.D. Tex.-Houston).  That case was dismissed on January 21, 2014, for failure to exhaust state habeas corpus remedies.  *Id.* (Docket No. 5).

remains available, Petitioner does not satisfy any statutory exception to the exhaustion doctrine. Accordingly, this case is subject to dismissal for failure to exhaust state remedies.

CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted); *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be denied.

CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1. Petitioner's federal habeas action is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies.

2. A certificate of appealability is DENIED.

3. All pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 23rd day of May, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE